(48 Misc. Rep. 534)

SWENSON v. WARD.

(Supreme Court, Appellate Term.  November 24, 1905.)

SHIPPING—HIRER OF VESSEL—CONTRACT—BREACH—LIABILITY.

A hirer of a vessel, under the obligation of a bailee to return her to the owner's dock, who fails to bring her to the dock, but abandons her in a damaged condition, is liable at least for the cost of towing her to the dock.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John Swenson against Thomas Ward. From a judgment granting insufficient relief, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Hyland & Zabriskie (Nelson Zabriskie, of counsel), for appellant.
Kelley & Connelly, for respondent.

MacLEAN, J.  The defendant hired the coal boat S. McKinley, about November 28, 1904, for six months at $40 a month, and on February 7, 1905, wrote the owner (here the plaintiff):

"I have this day sent your boat, S. McKinley, to your dry dock in Jersey City."

The boat did not come to the plaintiff's dry dock, but was later found by him in damaged condition, with a quantity of ice inside, about three miles away, at Port Johnston, to which it had been taken for coal for the defendant by a towing company. The amount of the judgment, equaling, excepting costs, the balance of rent accruing between the last payment and the time of resuming possession, implies that the learned justice found the defendant absolved from any imputation of negligence because the primary accident, staving in of a plank at the light water line, occurred while the boat was in charge of an independent company, towing, when ice was running, a flotilla in the very service for which the McKinley was chartered, and thus, with evidence that no collision or other extraordinary thing occurred, that the boat was not fit, according to the implied warranty in every charter party, written or verbal, for the service in which it was to be employed. From the fact that the boat was not delivered to the defendant, but taken by him in Brook-

lyn where left by the last freighter, and from° other evidence, it might be inferred that he was not under the ordinary obligation of a bailee to return the article to the bailor, had not the defendant assumed that obligation in his letter, and so made himself liable for the cost of towage to the plaintiff's dock, with perhaps other, if any, resultant consequences of the misnotification. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs.

SCOTT, P. J. (concurring). I agree that this judgment must be reversed. It was admitted on the record that the canal boat was seaworthy when chartered. It is not disputed that while in defendant's possession she had one of her planks stove in, and leaked so badly that she could not be used without repair. The law casts upon the defendant, a bailee for hire, the burden of showing how the injury occurred, and that it did not happen in consequence of any fault or negligence on his part. This burden he has failed to sustain. Prima facie, therefore, he is responsible for the injury and its immediate resultant consequences.